ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
JUN 18 2007
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **INSURANCE COMPANY OF THE WEST** | ) |
| ***Plaintiff,*** | ) |
| **V.** | ) |
| **THE UNITED STATES** | ) |
| ***Defendant.*** | ) |

**NO. 07-395 C**

**PLAINTIFF'S ORIGINAL COMPLAINT**

1. Plaintiff, Insurance Company of the West (the "Surety") complains of Defendant The United States (the "Defendant") and respectfully states:

**Jurisdiction**

2. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. 1491(a)(1), et. seq.

**Background**

3. On September 28, 2005, Defendant, through the Department of Veteran Affairs ("the VA"), awarded Contract No. SBA0610-05-508537/V519C-0182 (the "Ambulance Entrance Contract") to Texas Mechanical Systems, Inc. ("Texas Mechanical") for the Veterans Administration Covered Ambulance Entrance in Big Spring, Texas (the "Ambulance Entrance Project").

4. On September 28, 2005, Defendant, through the VA, awarded Contract No. SBA0610-05-507056/V519C-0183 (the "Electrical Deficiencies Contract") to Texas Mechanical Systems, Inc. for the Veterans Administration Correct Electrical Deficiencies in Big Spring, Texas (the "Electrical Deficiencies Project").

5. On October 14, 2005, the Surety issued Performance and Payment Bond No. 2166029-00 in the amount of $450,000.00 in favor of the VA to Texas Mechanical for the Ambulance Entrance Project. On October 14, 2005, the Surety issued Performance and Payment Bond No. 2166030-00 in the amount of $250,000.00 in favor of the VA to Texas Mechanical for the Electrical Deficiencies Project (collectively, the "Bonds"). True and correct copies of the Bonds are attached hereto as Exhibit "A."

6. Following the execution of the Bonds, claims were asserted against the Bonds based on Texas Mechanical's failure to meet all obligations under the Ambulance Entrance Contract and the Electrical Deficiencies Contract.

7. On June 28, 2006, the Surety sent a formal letter of direction to the VA that stated, in part:

> This letter serves as ICW's formal request that no further funds be disbursed to TMS without the express written consent of ICW. This pertains to all present and future progress payment billings, including those which have been recently approved or are currently pending. . . .Therefore, ICW asserts that any contract funds on these contracts which you are presently holding, and other contracts involving TMS, are considered trust funds for the specific payment of outstanding labor or material suppliers and subcontractors.

A true and correct copy of the June 28, 2006 letter is attached hereto as Exhibit "B."

8. Despite receipt of the letter of direction, the VA ignored the Surety's formal request, notifying the Surety on November 22, 2006 that it had released contract balances in four separate payments totaling $114,877.38 as follows:

a. On July 5, 2006, the VA made a payment of $19,680.40 to Texas Mechanical on the Electrical Deficiencies Project.

b. On July 31, 2006, the VA made a payment of $28,604.78 to Texas Mechanical on the Ambulance Entrance Project.

c. On September 6, 2006, the VA made a payment of $14,979.12 to Texas Mechanical on the Ambulance Entrance Project.

d. On September 6, 2006, the VA made a payment of $51,613.08 to Texas Mechanical on the Electrical Deficiencies Project.

A true and correct copy of the November 22, 2006 letter is attached hereto as Exhibit "C."

9. On March 2, 2007, the Surety made formal demand on the VA for $93,108.16, based on contract balances that were improperly released on the Ambulance Entrance Project. This included a demand for payment of $49,524.26, which was later discovered as an approved payment, recovery of which is not sought in this suit. A true and correct copy of this March 2, 2007 demand is attached hereto as Exhibit "D."

10. On March 2, 2007, the Surety made formal demand on the VA for $71,293.48, based on contract balances that were improperly released on the Electrical Deficiencies Project. A true and correct copy of this March 2, 2007 demand is attached hereto as Exhibit "E."

11. The VA has failed and refused and continues to refuse to honor the demand of the Surety.

**Count I – Equitable Subrogation**

12. The Surety incorporates herein and by reference, as if fully set forth, the allegations contained in paragraphs 1 through 11.

13. Following Texas Mechanical's failure to perform all obligations under the Ambulance Entrance Contract and the Electrical Deficiencies Contract, the Surety was forced to pay material suppliers and subcontractors under the provisions of the Bonds, resulting in a loss to the Surety of $123,302.59. Accordingly, the Surety has a superior right to the contract balances on the Ambulance Entrance Project and the Electrical Deficiencies Project through the equitable doctrine of subrogation.

14. Based on the foregoing facts, the Surety has satisfied all conditions precedent to recover against the VA $114,877.38, plus interest at the permissible legal rate, as well as all other damages, costs and fees permitted by law.

WHEREFORE, Insurance Company of the West prays for judgment against the United States as follows:

1. Monetary damages in the amount of $114,877.38;
2. Prejudgment interest at the maximum permissible rate;
3. All costs and expenses incur in the litigation of this suit; and
4. For such further relief as the Court deems proper.

Respectfully submitted,

**LANGLEY WEINSTEIN HAMEL LLP**

By: ______________________________

Gregory M. Weinstein
State Bar No. 21096430
214-722-7160
214-722-7161 (Fax)
901 Main Street
Suite 4100
Dallas, Texas 75202

Signed this 14th of June, 2007.

OCT-23-2006 MON 11:45 AM ICW DALLAS BRANCH FAX NO. 8172270217 P. 04

Bond #216 60 29

| PAYMENT BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) October 14, 2005 | OMB No.: 9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, D.C. 20405

| PRINCIPAL (Legal name and business address) | TYPE OF ORGANIZATION ("X" one) |
|---|---|
| Texas Mechanical Systems, Inc.<br>P.O. Box 11147<br>Killeen, TX 76547-1147 | ☐ INDIVIDUAL ☐ PARTNERSHIP ☐ JOINT VENTURE ☒ CORPORATION<br>STATE OF INCORPORATION: Texas |

| SURETY(IES) (Name(s) and business address(es)) | PENAL SUM OF BOND | | | |
|---|---|---|---|---|
| | MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
| Insurance Company of the West<br>P.O. Box 85563<br>San Diego, CA 92186-5563 | | 450 | 000 | 00 |
| | CONTRACT DATE: 09/27/05 | CONTRACT NO.: SBA0610-05-508537/ V519C-0182 | | |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

| | | | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. Carlos Navarrette, President | 2. | 3. | |

INDIVIDUAL SURETY(IES)

| | | |
|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
| NAME(S) (Typed) | 1. | 2. |

CORPORATE SURETY(IES)

| | | | | | |
|---|---|---|---|---|---|
| SURETY A | NAME & ADDRESS | Insurance Company of the West P.O. Box 85563 | STATE OF INC. CA | LIABILITY LIMIT $27,231,000.00 | Corporate Seal |
| | SIGNATURE(S) | 1. Eva O. Limmer | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. Eva O. Limmer, Attorney-in-Fact | 2. | | |

AUTHORIZED FOR LOCAL PRODUCTION
Previous edition is usable

STANDARD FORM 25A (Rev. 10-98)
Prescribed by GSA-FAR (48 CFR) 53.228(c)

EXHIBIT A

CORPORATE SURETY(IES) (Continued)

| | | | | | |
|---|---|---|---|---|---|
| SURETY B | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of the approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of this form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

Bond #216 60 29

| PERFORMANCE BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) October 14, 2005 | OMB NO.: 9000-0045 Expires: 09/30/98 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405.

| | | | | |
|---|---|---|---|---|
| PRINCIPAL (Legal name and business address)<br>Texas Mechanical Systems, Inc.<br>P.O. Box 11147<br>Killeen, TX 76547-1147 | TYPE OF ORGANIZATION ("X" one)<br>☐ INDIVIDUAL ☐ PARTNERSHIP<br>☐ JOINT VENTURE ☒ CORPORATION | | | |
| | STATE OF INCORPORATION<br>Texas | | | |
| SURETY(IES) (Name(s) and business address(es))<br>Insurance Company of the West<br>P.O. Box 85563<br>San Diego, CA 92186-5563 | PENAL SUM OF BOND | | | |
| | MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
| | | 450 | 000 | 00 |
| | CONTRACT DATE<br>09/27/05 | CONTRACT NO.<br>SBA0610-05-508537/ V519C-0182 | | |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The principal has entered into the contract identified above.

THEREFORE:

The above obligation is void if the Principal —

(a) (1) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice to the Surety(ies), and during the life of any guaranty required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

(b) Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to the Miller Act, (40 U.S.C. 270a-270e), which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

WITNESS:

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

**PRINCIPAL**

| | | | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. Carlos Navarrette, President | 2. | 3. | |

**INDIVIDUAL SURETY(IES)**

| | | |
|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
| NAME(S) (Typed) | 1. | 2. |

**CORPORATE SURETY(IES)**

| | | | | | |
|---|---|---|---|---|---|
| SURETY A | NAME & ADDRESS | Insurance Company of the West<br>P.O. Box 85563, San Diego, CA 92186 | STATE OF INC.<br>CA | LIABILITY LIMIT<br>$27,231,000.00 | Corporate Seal |
| | SIGNATURE(S) | 1. Eva O. Limmer | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. Eva O. Limmer, Attorney-in-Fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition not usable

STANDARD FORM 25 (Rev. 5-96)
Prescribed by GSA - FAR (48 CFR) 53.228(b)

CORPORATE SURETY(IES) (Continued)

| | | | | | |
|---|---|---|---|---|---|
| SURETY B | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

| BOND PREMIUM ▶ | RATE PER THOUSAND | TOTAL |
|---|---|---|
| | $ 17.22 | $ 7,750.00 |

INSTRUCTIONS

1. This form is authorized for use in connection with Government contracts. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

| PAYMENT BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) October 14, 2005 | OMB No.: 9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, D.C. 20405

| PRINCIPAL (Legal name and business address) | TYPE OF ORGANIZATION ("X" one) |
|---|---|
| Texas Mechanical Systems, Inc.<br>P.O. Box 11147<br>Killeen, TX 76547-1147 | ☐ INDIVIDUAL ☐ PARTNERSHIP<br>☐ JOINT VENTURE ☒ CORPORATION<br>STATE OF INCORPORATION<br>Texas |

| SURETY(IES) (Name(s) and business address(es)) | PENAL SUM OF BOND | | | |
|---|---|---|---|---|
| | MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
| Insurance Company of the West<br>P.O. Box 85563<br>San Diego, CA 92186-5563 | | 250 | 000 | 00 |
| | CONTRACT DATE | CONTRACT NO. | | |
| | 09/02/05 | SBA0610-05-507056/ V519C-0183 | | |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

| | | | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. Carlos Navarrette, President | 2. | 3. | |

INDIVIDUAL SURETY(IES)

| | | |
|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
| NAME(S) (Typed) | 1. | 2. |

CORPORATE SURETY(IES)

| SURETY A | | | | |
|---|---|---|---|---|
| NAME & ADDRESS | Insurance Company of the West P.O. Box 85563 | STATE OF INC. CA | LIABILITY LIMIT $27,231,000.00 | Corporate Seal |
| SIGNATURE(S) | 1. Eva O. Limmer | 2. | | |
| NAME(S) & TITLE(S) (Typed) | 1. Eva O. Limmer, Attorney-in-Fact | 2. | | |

AUTHORIZED FOR LOCAL PRODUCTION
Previous edition is usable

STANDARD FORM 25A (Rev. 10-98)
Prescribed by GSA-FAR (48 CFR) 53.228(c)

CORPORATE SURETY(IES) (Continued)

| | | | | | |
|---|---|---|---|---|---|
| SURETY B | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of the approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

Bond #[illegible]

# PERFORMANCE BOND

(See instructions on reverse)

| DATE BOND EXECUTED (Must be same or later than date of contract) | |
|---|---|
| October 14, 2005 | OMB NO.: 9000-0045<br>Expires: 09/30/98 |

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405.

| | |
|---|---|
| PRINCIPAL (Legal name and business address)<br>Texas Mechanical Systems, Inc.<br>P.O. Box 11147<br>Killeen, TX 76547-1147 | TYPE OF ORGANIZATION ("X" one)<br>☐ INDIVIDUAL ☐ PARTNERSHIP<br>☐ JOINT VENTURE ☒ CORPORATION<br>STATE OF INCORPORATION<br>Texas |
| SURETY(IES) (Name(s) and business address(es))<br>Insurance Company of the West<br>P.O. Box 85563<br>San Diego, CA 92186-5563 | PENAL SUM OF BOND<br>MILLION(S): —<br>THOUSAND(S): 250<br>HUNDRED(S): 000<br>CENTS: 00 |
| | CONTRACT DATE: 09/02/05<br>CONTRACT NO.: SBA0610-05-507056/V519C-0183 |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The principal has entered into the contract identified above.

THEREFORE:

The above obligation is void if the Principal —

(a) (1) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice to the Surety(ies), and during the life of any guaranty required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

(b) Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to the Miller Act, (40 U.S.C. 270a-270e), which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

WITNESS:

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

**PRINCIPAL**

| | | | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. Carlos Navarrette, President | 2. | 3. | |

**INDIVIDUAL SURETY(IES)**

| | | |
|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
| NAME(S) (Typed) | 1. | 2. |

**CORPORATE SURETY(IES)**

| SURETY A | | | | |
|---|---|---|---|---|
| NAME & ADDRESS | Insurance Company of the West<br>P.O. Box 85563, San Diego, CA 92186 | STATE OF INC.: CA | LIABILITY LIMIT: $27,231,000.00 | Corporate Seal |
| SIGNATURE(S) | 1. Eva O. Limmer | 2. | | |
| NAME(S) & TITLE(S) (Typed) | 1. Eva O. Limmer, Attorney-in-Fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition not usable

STANDARD FORM 25 (Rev. 5-96)
Prescribed by GSA - FAR (48 CFR) 53.228(b)

CORPORATE SURETY(IES) (Continued)

| | | | | | |
|---|---|---|---|---|---|
| SURETY B | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

| BOND PREMIUM ▶ | RATE PER THOUSAND | TOTAL |
|---|---|---|
| | $ 19.00 | $ 4,750.00 |

## INSTRUCTIONS

1. This form is authorized for use in connection with Government contracts. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

ICW GROUP
Insurance Services

Insurance Company of the West
Explorer Insurance Company
Independence Casualty and Surety Company

June 28, 2006

**Via Facsimile (432)264-4887 and Regular Mail**

Beverly D. Atwell, Contracting Officer
Dept. of Veterans Affairs
300 Veterans Blvd.
Big Springs, TX 79720

Re: Principal: Texas Mechanical Systems, Inc.

| | |
|---|---|
| Bond No.: | 2166029-00 |
| Project: | Covered Ambulance Entrance |
| Obligee: | West Texas VA Health Care System |
| Contract no.: | SBA0610-05-508537/V519C-0182 |

| | |
|---|---|
| Bond No.: | 2166030-00 |
| Project: | Correct Electrical Deficiencies |
| Obligee: | West Texas VA Health Care System |
| Contract no.: | SBA0610-05-507056/V519C-0183 |

Dear Ms. Atwell:

As you are aware, Insurance Company of the West (ICW) is the surety for Texas Mechanical Systems, Inc. (TMS) and issued payment and performance bonds in conjunction with the referenced projects. This letter serves as ICW's formal request that no further funds be disbursed to TMS without the express written consent of ICW. This pertains to all present and future progress payment billings, including those which have been recently approved or are currently pending. ICW has been made aware of claims and unpaid bills pertaining to vendors and subcontractors on another bonded project involving TMS. ICW may be liable for any valid claims against other bonds for any alleged amounts due in conjunction with the same.

Therefore, ICW asserts that any contract funds on these contracts which you are presently holding, and other contracts involving TMS, are considered trust funds for the specific payment of outstanding labor or material suppliers and subcontractors. Our request is made in accordance with ICW's rights of equitable subrogation (see Pearlman v. Reliance 371 US.132.83 S.Ct.232, 9L Ed.2d 190 (1962)).

In the event that Ambreco, Inc. disburses any funds to TMS without ICW's approval, ICW will consider its obligations discharged to the extent any shortage of funds exist on the contracts to cover claims. This letter should not be interpreted as a negative reflection on TMS.

EXHIBIT
tabbies
B

Re: Texas Mechanical Systems, Inc.
June 28, 2006
Page 2

Thank you for your immediate attention and cooperation. Please contact the undersigned upon your receipt to discuss this matter further.

Sincerely,
Insurance Company of the West

Melisa R. Aros
Surety Claim Analyst
(602)287-8888, ext. 111
E-Mail: maros@icwgroup.com

MA/ld/baj28

Cc: Texas Mechanical Systems, Inc., via facsimile (254)526-9488

DEPARTMENT OF VETERANS AFFAIRS
Medical Center
Big Spring TX 79720-5500

November 22, 2006

In Reply Refer To: 519/90C

Quilling Selander Cummiskey Lownds (QSCL)
2001 Bryan Street, Suite 1800
Dallas, TX 75201

Bond No.: 2166029-00, Contract #V519C-0182, Covered Ambulance Entrance; Bond No.: 2166030-00, Contract #V519C-0183, Correct Electrical Deficiencies at the West Texas VA Healthcare System, Big Spring, Texas

Dear Mr. Brian W. Erikson:

**Covered Ambulance Entrance (Bond No. 2166029-00)**

The VA Medical Center released a total of three (3) payments to Texas Mechanical after June 28, 2006. ICW did authorize progress payment #7 to be paid in the amount of $54,512.04 but due to calculation errors the amount paid was $49,524.26, progress payments #8 in the amount of $28,604.78 was released to be paid on July 31, 2006, and progress payment #9 in the amount of $14,979.12 was released to be paid on September 6, 2006.

**Correct Electrical Deficiencies (Bond No. 2166030-00)**

The VA Medical Center has released a total of two (2) payments to Texas Mechanical after June 28, 2006. Progress payment #6 in the amount of $19,680.40 was released to be paid on July 5, 2006 and progress payment # 7 in the amount of $51,613.08 was released to be paid on September 6, 2006.

The VA Medical Center did default Texas Mechanical on November 15, 2006. No additional work to this contract has been performed since Texas Mechanical abandoned the contract.

If you have any questions or need additional information, you may contact Beverly Atwell at (432) 268-5055.

Sincerely,

BEVERLY D. ATWELL
Contracting Officer

cc: VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED

1. Small Business Administration
   Attn: Greg Duffer
   4300 Amon Carter Blvd.
   Suite 114
   Fort Worth, Texas 76155
2. ICW Explorer Insurance Company
   Independence Casualty and Surety Co.
   Attn: Rickord M. Lopez
   11455 El Camino Real
   San Diego, CA 92130-2045

EXHIBIT
C

GodwinPappas

Attorneys
A Limited Liability Partnership

DALLAS HOUSTON

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214 939 4400
800 662 8393
214 760 7332 Fax

GodwinPappas.com

Gregory M. Weinstein
Partner
Direct Dial: 214.939.4447
Direct Fax: 214.527.3205
gweinstein@godwinpappas.com

March 2, 2007

*Via E-Mail and Regular Mail*

Ms. Beverly D. Atwell
Contracting Officer
Department of Veteran Affairs
Medical Center
Big Spring, Texas 79720-5500

| | | |
|---|---|---|
| Re: | Obligee: | West Texas VA Health Care System ("VA") |
| | Surety: | Insurance Company of the West ("ICW") |
| | Bond No.: | 2166029 (the "Bond") |
| | Project: | Covered Ambulance Entrance at the West Texas VA Healthcare System (the "Project") |
| | Principal: | Texas Mechanical, Inc. ("Texas Mechanical") |

Dear Officer Atwell:

We are in receipt of your letter dated February 22, 2007 advising ICW that the VA will not accept the Takeover Agreement. With this directive from the VA, ICW hereby authorizes the VA to use the $82,401 in remaining contract funds for Contract No. V519C-0182 (the "Contract") to complete the Project. Based on ICW's assessment of the cost to complete, the remaining contract funds are more than sufficient for the VA to complete the Texas Mechanical scope of work under the Contract.

Knowing that the VA improperly released funds in the amount of $93,108.16 to Texas Mechanical after receiving ICW's June 28, 2006 letter of direction, this letter shall also serve as **formal demand** on the VA to remit payment in the amount of $93,108.16 to ICW, representing the total amount of the improper payments made by the VA to Texas Mechanical, no later than 5:00 p.m., CST, Monday, March 12, 2007. If the VA fails to comply with this demand, ICW will pursue all remedies available to it through the appropriate administrative process.



EXHIBIT
D

Nothing herein shall constitute a waiver of the rights, claims, and defenses of ICW under the Bond, the Contract, and applicable law.

Sincerely,

Gregory M. Weinstein

GMW/kwb
cc: Mr. Rickord Lopez

GodwinPappas

Attorneys
A Limited Liability Partnership

DALLAS HOUSTON

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214 939 4400
800 662 8393
214 760 7332 Fax

GodwinPappas.com

Gregory M. Weinstein
Partner
Direct Dial: 214.939.4447
Direct Fax: 214.527.3205
gweinstein@godwinpappas.com

March 2, 2007

*Via E-Mail and Regular Mail*

Ms. Beverly D. Atwell
Contracting Officer
Department of Veteran Affairs
Medical Center
Big Spring, Texas 79720-5500

| | | |
|---|---|---|
| Re: | Obligee: | West Texas VA Health Care System ("VA") |
| | Surety: | Insurance Company of the West ("ICW") |
| | Bond No.: | 2166030 (the "Bond") |
| | Project: | Correct Electrical Deficiencies (the "Project") |
| | Principal: | Texas Mechanical, Inc. ("Texas Mechanical") |

Dear Officer Atwell:

ICW hereby authorizes the VA to use the $12,500 in remaining contract funds for Contract No. V519C-0183 (the "Contract") to complete the Project. Based on ICW's assessment of the cost to complete, the remaining contract funds are more than sufficient for the VA to complete the Texas Mechanical scope of work under the Contract.

Knowing that the VA improperly released funds in the amount of $71,293.48 to Texas Mechanical after receiving ICW's June 28, 2006 letter of direction, this letter shall also serve as **formal demand** on the VA to remit payment in the amount of $71,293.48 to ICW, representing the total amount of the improper payments made by the VA to Texas Mechanical, no later than 5:00 p.m., CST, Monday, March 12, 2007. If the VA fails to comply with this demand, ICW will pursue all remedies available to it through the appropriate administrative process.



EXHIBIT
tabbles
E

Nothing herein shall constitute a waiver of the rights, claims, and defenses of ICW under the Bond, the Contract, and applicable law.

Sincerely,

Gregory M. Weinstein

GMW/kwb
cc: Mr. Rickord Lopez