**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **INSURANCE COMPANY OF THE WEST,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07-395C** |
| | ) | **(Chief Judge Damich)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

DONALD E. KINNER
Assistant Director

ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 353-7994
Fax: (202) 514-8624

October 1, 2007

Attorneys for Defendant

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………………iii

ARGUMENT………………………………………………………………………………….1

CONCLUSION……………………………………………………………………………….4

## TABLE OF AUTHORITIES

### FEDERAL CASES

Commercial Casualty Insurance Co. v. United States,
71 Fed. Cl. 104 (2006) .......................................................................................3

Dependable Insurance Co., Inc. v. United States,
846 F.2d 65 (1988).............................................................................................2

Fireman's Fund Insurance Co. v. United States,
909 F.2d 495 (1990)...........................................................................................2

National American Insurance Co. v. United States,
72 Fed. Cl. 451 (2006) .......................................................................................3

National American Insurance Co. v. United States,
No. 2007-5016, 2007 WL 2388896 (Fed. Cir. Aug. 23, 2007) ....................................1

Western Casualty & Sur. Co. v. Brooks,
362 F.2d 486 (4th Cir. 1966) ..............................................................................2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INSURANCE COMPANY OF THE WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-395C |
| | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Rule 7.2(c) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply brief in response to plaintiff's opposition to the Government's motion to dismiss in this action. We rely upon the complaint, portions of our motion to dismiss,[1] and this brief. We established in our motion that the complaint should be dismissed because the facts set forth therein fail to state a claim upon which relief can be granted.

ARGUMENT

On September 13, 2007, plaintiff filed its opposition to our motion to dismiss. We respond, below, to the arguments raised by plaintiff relating to the Government's contention that the plaintiff did not provide adequate notice to trigger the Government's duty pursuant to the doctrine of equitable subrogation to withhold payments from the

---

[1] The Federal Circuit's recent decision in National American Ins. Co. v. United States, No. 2007-5016, 2007 WL 2388896 (Fed. Cir. Aug. 23, 2007) found that, after making payments on a payment bond, a non-takeover surety is equitably subrogated to a party in privity with the Government, and, therefore, can sue to recover for payments made pursuant to that payment bond. While the Government does not reiterate the argument in this case, we note that the deadline for filing a petition for rehearing is October 9, 2007, and the deadline for filing a petition for certiorari is November 21, 2007. Therefore, the Government relies only on the portion of its motion to dismiss that deals with the adequacy of the notice provided by the surety.

contractor. Plaintiff, Insurance Company of the West, seeks to assert a claim against the Government for payments the Government made to a bonded contractor after plaintiff notified the Government that the contractor was not making payments on another contract. Because plaintiff failed to provide notice to the Government that the contractor was in potential default on the bonded contracts, however, the Government's duty to withhold payments from the contractor was not triggered. Without a duty to withhold payments pursuant to the doctrine of equitable subrogation, the Government has no responsibility to the surety, and thus the plaintiff's complaint fails to state a claim upon which relief can be granted.

The requirement that a surety must provide notice to trigger the Government's duty pursuant to the doctrine of the equitable subrogation is undisputed. In its response, plaintiff argues that it provided the Government adequate notice to establish its right to the payments due the bonded contractor pursuant to this doctrine. Plaintiff overlooks, however, the underpinnings of the doctrine of equitable subrogation. The United States Court of Appeals for the Federal Circuit has found that "[s]ubrogation is bottomed 'on the unpaid debts on each contract; relates back in time to the execution of that specific bond; and <u>is limited in scope to the debts arising under one contract</u>.'" <u>Dependable Ins. Co., Inc. v. United States</u>, 846 F.2d 65, 67 (1988) (citing <u>Western Cas. & Sur. Co. v. Brooks</u>, 362 F.2d 486, 491 (4th Cir. 1966) (emphasis in cited case)). Further, the government only owes a duty to the surety "when the surety may be called upon to perform, that is, only when it may become a party to the bonded contract. . . ." <u>Fireman's Fund Ins. Co. v. United States</u>, 909 F.2d 495, 499 (1990). Therefore, in the context of what type of notice is required to trigger the Government's duty pursuant to the doctrine

of equitable subrogation to withhold payments from the contractor, the duty of equitable subrogation is triggered only when the surety informs the Government of the contractor's potential default under the bonded contract.

Furthermore, in support of its proposition that a surety satisfies the notice requirement by notifying the Government that the contractor is potentially in default on another contract is adequate, plaintiff relies specifically on two cases, National American Ins. Co. v. United States, 72 Fed. Cl. 451, 452, n.2 (2006), and Commercial Cas. Ins. Co. v. United States, 71 Fed. Cl. 104, 106 (2006). Plaintiff's reliance on these cases is misplaced.

In National American Ins. Co., the surety's agent sent a letter to the Government stating, in pertinent part, that "[w]e have been informed of an unpaid subcontractor on this job, and there may be others." National American Ins. Co., 72 Fed. Cl. at 453, n.3 (emphasis added). The letter went on to request that the Government withhold the remaining contract funds. Id. Similarly, in Commercial Cas. Ins. Co., the surety's letter stated that it was "'equitably subrogated to the contract funds through its payment of claims on this and other projects.'"[2] Commercial Cas. Ins. Co., 71 Fed. Cl. at 106 (citing Def.'s App. 17) (emphasis added). While the Government agrees that these letters are indeed simple, these letters bolster the Government's, not the plaintiff's, position, by

[2] In Commercial Cas. Ins. Co., the surety's first letter to the Government did not mention the contractor's potential default on the bonded contract; instead, the letter merely notified the Government of outstanding claims on other bonded contracts. Commercial Cas. Ins. Co., 71 Fed. Cl. at 106. This inadequate notice, however, was followed by a request from the contractor to assign the contract balance to the plaintiff surety. Id. After the Government denied the contractor's request, the plaintiff surety sent the above-referenced letter, explicitly stating that the surety paid claims related to the bonded contract. Id.

demonstrating that notice of potential default on the bonded contract is required to trigger the Government's duty pursuant to the doctrine of equitable subrogation.

## CONCLUSION

Plaintiff's complaint fails to state a claim upon which relief can be granted. Allegations that a contractor is in potential default on another contract are insufficient to trigger the Government's duty pursuant to the doctrine of equitable subrogation to withhold payments to the contractor. For these reasons, the Government respectfully requests that the Court dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

PETER D. KEISLER
Acting Attorney General

JEANNE E. DAVIDSON
Director

/s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

/s/ Ellen M. Lynch
ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 353-7994
Fax: (202) 514-8624

October 1, 2007

Attorneys for Defendant