IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INSURANCE COMPANY OF THE WEST,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) | No. 07-395C<br>(Chief Judge Damich) |

DEFENDANT'S REPLY TO PLAINTIFF'S SUPPLEMENTAL BRIEF

Pursuant to the Court's Order dated November 29, 2007, defendant, the United States, respectfully submits this reply brief in response to plaintiff's Supplemental Brief Regarding Notice of Default Necessary To Trigger Equitable Subrogation Rights. We rely upon the complaint, our motion to dismiss and reply thereto, our supplemental brief in support of our motion to dismiss, and this brief. We established in our prior briefs that the complaint should be dismissed because the facts set forth therein fail to state a claim upon which relief can be granted.

ARGUMENT

Plaintiff argues that a surety is not required to provide express notice of actual default on an underlying bonded contract to trigger the Government's "stakeholder" duty. Plaintiff's Supp. Br. at 6 (emphasis added).[1] The remainder of plaintiff's brief argues that sureties must not be held to "draconian standards" regarding notice requirements. Id. at 10. It appears that plaintiff cannot respond to our argument that the notice provided by the surety must be specific to the bonded contract, and, therefore, decided to frame the argument in terms of whether notice of actual default is required. In so doing, plaintiff misstates our position, and, furthermore,

[1] Plaintiff's Supplemental Brief Regarding Notice Of Default Necessary To Trigger Equitable Subrogation Rights is cited as "Plaintiff's Supp. Br. at #."

demonstrates that notice specific to the bonded contract is required before the Government's "stakeholder" duty is triggered.

Plaintiff's argument fails to recognize that we do not require notice of actual default; instead, as our briefs indicate, we require notice of actual or potential default under the bonded contract. Defendant's Supp. Br. at 2-3.[2] The surety must allege facts sufficient to demonstrate that it has an equitable interest in the contract funds at issue. An equitable interest in the funds paid to the contractor on another project, which is the case here,[3] is simply insufficient to trigger the Government's "stakeholder" duty. Requiring a surety to determine whether it may be called upon to make good on its bonds for a specific, bonded project before giving notice to the Government is not a draconian standard, rather, it ensures that the doctrine of equitable subrogation is applied in accordance with the general equitable principles upon which the doctrine is based.

The general equitable principles underlying the doctrine of equitable subrogation cited by plaintiff further support our position that the notice of default must be specific to the bonded contract. Plaintiff's reliance upon the equitable nature of subrogation undercuts its position that the notice provided in this case triggered the Government's "stakeholder" duty. Specifically, plaintiff notes that "a surety who pays the debt of another is entitled to all the rights of the person he paid to enforce his right to be reimbursed . . . ." Pearlman v. Reliance Ins. Co., 371 U.S. 132,

[2] Our supplemental brief is cited as "Defendant's Supp. Br. at #."

[3] The letter upon which plaintiff surety stakes its equitable claim states, in pertinent part: "[Insurance Company Of The West] has been made aware of claims and unpaid bills pertaining to vendors and subcontractors on another bonded project involving [Texas Mechanical Systems, Inc.]." Compl., Ex. B.

136-37 (1962). In this case, the notice provided by the plaintiff surety made no indication that the surety could be called upon to pay the contractor's debt relating to the bonded contract; instead, the notice focused solely upon other projects, projects where the surety would never be entitled to obtain payment from the Government.

Furthermore, the cases plaintiff relies upon to argue that "generalized notice" is sufficient to trigger the Government's "stakeholder" duty simply add more support to our position that the surety's notice must be specific to the bonded contract. In National American Ins. Co. v. United States, the letter sent to the Government stated: "We have been informed of an unpaid subcontractor on this job, and there may be others." 72 Fed. Cl. 451, 453 n.3 (2006) (emphasis added). And, while the first notice the Government received in Commercial Cas. Ins. Co. v. United States notified the Government generally of unpaid claims, the second notice stated that the surety "[was] equitably subrogated to the contract funds through its payment of claims on this and other projects." 71 Fed. Cl. 104, 106 (2006) (emphasis added).

To find a case that supports its position that the surety must only give vague notice of a contractor's potential default on other projects, plaintiff was forced to look beyond Federal jurisprudence and find a case that does not involve a Miller Act surety - District of Columbia v. Aetna Ins. Co., 462 A.2d 428 (D.C. App. 1983). In addition to the non-binding nature of that case, the language specifically noted the "limiting circumstances of this case as between the competing claims of Aetna, the surety, and CSH, the contractor, and the District as a stakeholder." District of Columbia v. Aetna Ins. Co., 462 A.2d 428, 432 (D.C. App. 1983). Plaintiff's reliance upon this non-binding case that was specifically limited to its facts is misplaced.

Additionally, plaintiff's reliance upon a letter sent by the Government to the contractor in late-March 2006 is also misplaced, especially viewed in light of the fact that the plaintiff failed to include that letter as part of its original complaint. In that letter, the Department of Veteran's Affairs contracting officer, Beverly Atwell, requested information from the contractor regarding performance an updated progress schedule because, while 65 percent of the construction period had expired, only 20 percent of the work had been completed. Plaintiff's Suppl. Br., Ex. 1. Plaintiff's decision not to include that letter in its initial complaint is telling; the letter provides no relevant information regarding payment or non-payment of subcontractors, and focuses instead on the contractor's performance and requests an updated progress schedule to ensure the project's timely completion. Id.

The Government requires payment and performance bonds for construction contracts to protect the Government's interest; the Government does not protect the surety's interest. Fireman's Fund Ins. Co. v. United States, 909 F.2d 495, 499 (Fed. Cir. 1990). The surety's responsibility to give notice sufficient to trigger the Government's "stakeholder" duty is not satisfied by any concerns the Government may have had regarding the contractor's performance. Id. In Fireman's Fund Ins. Co. v. United States, that Court determined that a surety could not recover under a payment bond because it did not give notice to the Government, even though the contractor's subcontractors and suppliers informed the Government of the contractor's deficient payments. Fireman's Fund Ins. Co. v. United States, 909 F.2d at 499. The Court found that the Government's knowledge "does not substitute for notice by the surety and does not trigger the government's equitable duty to act with reasoned discretion toward it." Id. It follows, therefore,

that the surety in this case cannot rely upon a letter the Government sent to the contractor - related to performance, not payment, deficiencies - to cure its inadequate notice.

Plaintiff's supplemental brief argues that notice of actual default is not required to trigger the Government's "stakeholder" duty. We agree that notice of actual default is not required to trigger the Government's "stakeholder" duty. However, the notice the surety provides must be specific to the bonded contract. Because the only case that supports plaintiff's position that notice unrelated to the bonded contract is sufficient to trigger the Government's "stakeholder" duty is not binding precedent and was specifically limited to its facts, plaintiff's argument that it gave sufficient notice in this case must fail.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt for s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Ellen M. Lynch
ELLEN M. LYNCH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 353-7994
Fax: (202) 514-8624

March 4, 2008

Attorneys for Defendant

Certificate of Filing

I hereby certify that on this 4th day of March, 2008, a copy of "DEFENDANT'S REPLY TO PLAINTIFF'S SUPPLEMENTAL BRIEF" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Ellen M. Lynch
Ellen M. Lynch